|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

ARROW ELECTRONICS, Inc., )
        Plaintiff, )    3:10-cv-00175-ECR-VPC
        v. )    **ORDER**
NIGHT OPERATIONS SYSTEMS, Inc. )
        Defendant. )    August 6, 2010

      The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-4. Before the court is Plaintiff Arrow Electronics, Inc.'s ("plaintiff") motion to strike defendant's answer (#13) and Defendant Night Operations Systems, Inc.'s ("defendant") motion to set aside default (#16).[1] Defendant opposed plaintiff's motion to strike (#17), and plaintiff replied (#19). Plaintiff opposed defendant's motion to set aside default (#19), and defendant replied (#20).[2]

## I. HISTORY & PROCEDURAL BACKGROUND

      Plaintiff makes the following allegations in its complaint. Plaintiff is a worldwide seller of electronic components and computer products (#2). Plaintiff and defendant commenced a business relationship, whereby defendant was able to order products from plaintiff on credit. *Id.* Plaintiff's invoices contained the terms and conditions of the sales. Between August 2009 and November 2009, defendants ordered and plaintiff delivered products to defendant subject to the terms and conditions on the invoices. *Id.* Plaintiff alleges that defendant has failed or refused to pay the amount now due under the invoices. *Id.*

      On March 29, 2010, plaintiff filed this diversity action against defendant for (1) breach of

---

    [1]     Refers to the court's docket number.

    [2]     The court notes that plaintiff filed its opposition to defendant's motion to set aside default and its reply in support of its motion to strike in the same filing, located on the docket at entry #19.

contract, (2) *quantum meruit*, (3) account, and (4) promissory estoppel (#2). Plaintiff alleges that defendant owes plaintiff $133,983.20, which includes payment for the goods delivered plus interest, attorneys' fees, and costs (#2).

On March 31, 2010, plaintiff personally served defendant's registered agent, Mr. Michael Morrison, in Reno, Nevada (#5). After service of the complaint, Mr. Morrison discussed the matter with Mr. Richard Murphy, an officer of the defendant-company (#16, p. 3). Mr. Murphy allegedly told Mr. Morrison of his "intent to settle the matter without further litigation proceedings." *Id.* p. 4. Mr. Morrison now represents to the court that he "was under the clear understanding and impression that Mr. Murphy was going to contact [p]laintiff and resolve the matter without further litigation." *Id.*

On April 23, 2010, plaintiff mailed a request for entry of default to defendant at Mr. Morrison's address (#7). On April 27, 2010, Mr. Morrison received the request for entry of default (#16, p. 4). Mr. Morrison immediately prepared and filed defendant's answer that day. *Id.* In its answer, defendant denies plaintiff's allegations and seeks to assert various affirmative defenses (statute of frauds, statute of limitations, waiver, laches, unclean hands, estoppel, accord and satisfaction) (#10). Defendant also believes that plaintiff has not stated a claim and that plaintiff was "in default under the terms of any agreement." *Id.* Notwithstanding defendant's rush to file a responsive pleading, the Clerk entered default on the morning of April 27, 2010, nine hours prior to defendant's filing (#9).

Plaintiff filed a motion to strike defendant's answer (#13) on the grounds that the entry of default precluded defendant's filing of any pleading and that defendant's only recourse was to file a motion to set aside the entry of default. On June 7, 2010, defendant filed the instant motion to set aside the entry of default (#16).

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

    **1.     Entry of Default; Setting Aside an Entry of Default**

Pursuant to Federal Rule of Civil Procedure 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

1  affidavit or otherwise, the clerk must enter the party's default." Entry of default, usually performed
2  by the Clerk of Court, is simply an official recognition that the party is in default and does not
3  constitute a judgment, which may only be granted by the court. *See Pinaud v. County of Suffolk*, 52
4  F.3d 1139, 1152 n.11 (2d Cir. 1995) ("Entry of default is largely a formal matter and is in no sense
5  a judgment by default.") (quoting 6 James W. Moore, et al., *Moore's Federal Practice* § 55.03[2],
6  at 55-21 (2d. ed. 1994)).

7  "The court may set aside an entry of default for good cause . . ." Fed. R. Civ. P. 55(c). "The
8  good cause standard that governs vacating a default judgment under Rule 55(c) is the same standard
9  that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v.
10 Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004); *TCI Grp. Life Ins. Plan v.
11 Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). "The good cause analysis considers three factors: (1)
12 whether [defendant] engaged in culpable conduct that led to the default; (2) whether [defendant] had
13 a meritorious defense; or (3) whether reopening the default judgment would prejudice [plaintiff]."
14 *Franchise Holding II*, 375 F.3d at 926.

15 The discretion of the trial court in setting aside a default is governed by three policy
16 considerations. *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). First, setting aside default is
17 remedial in nature and must be liberally applied. *Id.* Second, "default judgments are generally
18 disfavored and whenever it is reasonably possible, cases should be decided upon their merits." *Id.*
19 Third, doubts should be resolved in favor of the motion to set aside the judgment. *Id.*

20 **B.    Analysis**
21     **1.    Defendant's Motion to Set Aside the Entry of Default**
22 Defendant requests that the court set aside the Clerk of Court's entry of default (#16),
23 explaining that good cause exists to do so. Plaintiff argues that all three factors for setting aside the
24 entry of default weigh against defendant (#19). The court examines the factors below.

25         **a.    "Culpable conduct that led to the default"**
26 "If a defendant has received actual or constructive notice of the filing of the action and failed
27 to answer, its conduct is culpable." *Franchise Holding II*, 375 F.3d at 926. In addition to the mere
28 failure to answer, courts in this circuit have held that a defendant must do so intentionally. *TCI Grp.*

1  *Life Ins. Plan*, 244 F.3d at 697 ("A defendant's conduct is culpable if he has received actual or
2  constructive notice of the filing of the action and *intentionally* failed to answer.") (emphasis in
3  original); *Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989) (describing culpable conduct
4  is "not simply nonappearance following receipt of notice of the action, but rather conduct which
5  hindered judicial proceedings . . ."); *see Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984) (failure to
6  appear at hearing and subsequent two month delay in seeking relief from judgment not culpable
7  conduct).  As noted in *TCI Grp. Life Ins. Plan*,

> Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not "intentional" under our default cases, and is therefore not necessarily — although it certainly may be, once the equitable factors are considered — culpable or inexcusable.

12  *Id.* at 697-98.

13  Here, defendant explains that no answer was timely filed because defense counsel was under
14  the belief that his client and plaintiff would quickly settle the matter (#16, p. 4).  Although
15  defendant's behavior may be neglectful, the court does not conclude that defendant willfully or
16  deliberately failed to respond in an attempt to take advantage of the opposing party.  Therefore, this
17  factor weighs in favor of defendant.

18              **b.     "Meritorious Defense"**

19  A defendant seeking to vacate a default judgment must present specific facts that would
20  constitute a defense.  *TCI Grp. Life Ins. Plan*, 244 F.3d at 700.  "But the burden on a party seeking
21  to vacate a default judgment is not extraordinarily heavy."  *Id.*  The defendant need only present
22  allegations sufficient to demonstrate that a possible defense could be raised; the veracity of those
23  allegations will be tested later in the litigation.
24  Here, defendant maintains that plaintiff did not meet its contractual obligations (#16, p. 5).
25  Specifically, defendant alleges that plaintiff failed to deliver goods on time. *Id.* p. 7.  Defendant also
26  pleads numerous affirmative defenses.  *See* #10, pp. 2-3.  The court makes no comment on the merit
27  of defendant's responses or affirmative defenses but finds that, at a minimum, these may present
28  possible  issues for future litigation.  Therefore, this factor favors defendant.

### c. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan*, 244 F.3d at 701. Delay, however, can result in prejudice where it results in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion." *Id.* (citing *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). There is no prejudice where a party suffers the loss of a quick victory due to an opponent's procedural default and must resort to litigating on the merits. *See Bateman v. U.S. Post. Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

Here, plaintiff argues that the financial costs inherent in setting aside default and the delay in realizing satisfaction constitute prejudice. The court disagrees. Defendant filed the responsive pleading less than one week after the answer was due and only nine hours after the Clerk of Court's entry of default. Plaintiff will not suffer prejudice by the court's setting aside of default.

In sum, the court finds that the factors weigh in favor of defendant. Accordingly, the court grants defendant's motion to set aside the entry of default (#16).

### 2. Plaintiff's Request for Fees

Plaintiff requests that any setting aside of default be conditioned on defendant's payment of attorneys' fees and costs. Plaintiff argues that this payment of fees would place the parties in the position they were in before the default. It appears that plaintiff did not attempt to contact defendant or Mr. Morrison prior to serving the request for entry of default. Admittedly, plaintiff was under no obligation to provide notice of the entry of default. *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986). However, as a practical matter, a simple courtesy to opposing counsel may have spared both parties and the court the time and expense of the ensuing motions, responses, and replies. Plaintiff's request for fees and costs is denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that defendants' motion to set aside default (#16) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendant's answer (#13) is **DENIED**.

5

**IT IS FURTHER ORDERED** that defendant's answer at Docket #10 is deemed **FILED** and operative and further litigation in this matter is to proceed accordingly.

**DATED**: August 6, 2010.

*Valerie P. Cooke*

_____

**UNITED STATES MAGISTRATE JUDGE**